1
2
3
4
5
6
7
8
9
10

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| L.R., a minor, by and through her parents, | ) | Case No.: 5:13-MC-80085-EJD |
| | ) | |
|         Plaintiff, | ) | **ORDER GRANTING IN PART** |
| | ) | **PLAINTIFF'S MOTION FOR** |
|  v. | ) | **ATTORNEYS' FEES** |
| | ) | |
| HOLLISTER SCHOOL DISTRICT, | ) | |
| | ) | |
|         Defendant. | ) | **[Re: Docket Nos. 1, 3]** |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Plaintiff L.R., a minor, by and through her parents ("Plaintiff") moves for an award of attorneys' fees under the Individuals with Disabilities Education Act ("the IDEA"), 20 U.S.C. § 1415(i)(3)(B). The court has jurisdiction over this action pursuant to 20 U.S.C. § 1415(i)(3)(A). The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. Having reviewed the parties' arguments, the court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorneys' Fees.

## I.   BACKGROUND

This action arises out of a dispute between Plaintiff and Defendant Hollister School District ("the District") pertaining to the educational support that the District provided to Plaintiff, who is a five-year old girl born with Down syndrome. Pursuant to the IDEA, Plaintiff qualifies for special education services that ensure a free appropriate public education ("FAPE") in the least restrictive

1

environment ("LRE") through the implementation of an Individualized Education Program ("IEP"), 20 U.S.C. §§ 1412(a).

The District scheduled and held an initial IEP team meeting on May 17, 2010, during which it offered Plaintiff occupational therapy services. Plaintiff's parent was present but did not consent to the proposed form of occupational therapy services. L.R. v. Hollister Unified Sch. Dist., California Office of Administrative Hearings (OAH) Case Number 2012080366 ("ALJ Decision") at 8, Docket Item No. 1, Ex. 1. The IEP team met again on September 27, 2010, to discuss the same issue; Plaintiff's parent attended and this time agreed with the District's amended proposal. Id. For two months in the beginning of the 2011-2012 school year, Plaintiff attended an Early Start preschool class, as well as a Head Start class at the District. Id. at 5. On September 16, 2011, Plaintiff's two teachers held a meeting with her parent to discuss her progress. Id. at 7. They decided to transfer Plaintiff to a smaller Early Start class. Id. Plaintiff's parent agreed with the placement, and the teacher of that smaller class volunteered to act as a temporary aide to assist with Plaintiff's transition. Id.

On May 22, 2012, an IEP meeting was held to discuss Plaintiff's transition from preschool to kindergarten. Id. at 8. At that meeting, no general education teacher was present. Id. at 8. Plaintiff's parents requested that she be placed in a full inclusion classroom for the 2012-2013 school year. Plaintiff's Request for Due Process Hearing, Docket Item No. 7, Ex. 2 at 5. The District explained that such a placement was not possible at Plaintiff's neighborhood school and that it would need more time to further explore the full inclusion option. Id. For this reason, that IEP meeting reflected "no changes" to the previous offer of placement. Id. At the next meeting on July 19, 2012, in which again no general education teacher was present, there was an extensive discussion of Plaintiff's placement options but eventually Plaintiff's parents did not consent to the District's placement proposal. As a result Plaintiff spent the 2012-2013 school year in her "stay-put" placement and her parents decided to take legal action. Id. at 5, see also Hollister School District's Closing Brief, Docket Item No. 7, Ex. 3 at 5-6.

Case No.: 5:13-MC-80085-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

On August 9, 2012, Plaintiff filed a request for a due process hearing ("Complaint") before an Administrative Law Judge ("ALJ"). In the Complaint, Plaintiff alleged that the District denied her a FAPE under the IDEA by:

    (1)  failing to have a general education teacher present at the IEP team meetings held on September 16, 2011, May 22, 2012, and July 19, 2012 ("Issue 1");

    (2)   failing to provide her with a placement in the least restrictive environment at the IEP team meetings held on May 22 and July 19, 2012 ("Issue 2"); and

    (3)  failing to provide her with adequate occupational therapy services from August 2010 to July 2011, and from August 2012 onwards ("Issue 3"); Dkt. No. 1, Ex. 1 at 2.

To redress the District's alleged violations of the IDEA, Plaintiff requested that the District provide her with:

    (1) a full-inclusion placement with appropriate supplementary aids and services, including an independent inclusion specialist experienced in working with students with Down's Syndrome;

    (2) a full time 1:1 appropriately trained instructional aide to assist Plaintiff year round;

    (3) compensatory education in all areas of need by a non-public agency; and

    (4) reimbursement of her Parents' reasonable attorneys' fees and costs.

Id.

The District scheduled and held an additional IEP team meeting after the filing of the Complaint, on September 25, 2012. Id. at 4. In this meeting the team reiterated the proposal of the July 19 meeting, namely, a mix of regular and special education with a 1:1 aide, speech and language therapy, and occupational therapy consultation. Dkt. No. 7, Ex. 3 at 9. Even though this meeting did include a general education teacher, therefore curing the procedural defect, Plaintiff's parents declined to attend or consent to the proposal, instead proceeding with the due process hearing. Dkt. No. 1, Ex. 1 at 4.

Approximately forty days before the scheduled due process hearing, on October 18, 2012, the District made a settlement offer ("Offer") to L.R.'s parents. The Offer proposed seventy-five (75) hours of compensatory education of two different varieties to be decided at the parents'

United States District Court
For the Northern District of California

1  discretion, implementation of Plaintiff's May annual IEP as modified by subsequent IEP meetings,

2  including the September 25, 2012 IEP meeting, and payment of reasonable attorneys' fees incurred

3  on or before the date of the Offer. Letter from Daniel A. Osher to Natashe Washington (Oct. 18,

4  2012) ("Offer Letter"), Docket Item No. 1, Ex. 2 at 15-16. Plaintiff did not reply to the Offer.

5        The ALJ held a due process hearing on November 27-29, 2012, and issued a decision on

6  January 16, 2013. Dkt. No. 1, Ex. 1 at 1. The District prevailed on Issue 1 with respect to the

7  September 16, 2011 IEP team meeting; Plaintiff prevailed on Issue 1 as to the May 22 and July 19,

8  2012 IEP team meetings; neither party prevailed on Issue 2; and the District prevailed on Issue 3

9  with respect to occupational therapy from August 2010 to July 2011 and Plaintiff prevailed on

10  Issue 3 with respect to occupational therapy from August 2012 to the present. Id. at 17-18. The

11  ALJ ordered the District to provide Plaintiff with forty-six (46) hours of social skills training or

12  extracurricular activities, offered by adequately experienced providers to be selected by parents

13  from a list drawn up by the District. Id. The ALJ also ruled that "[a]ll other requests for relief are

14  denied," and held that both Plaintiff and District prevailed partially. Id.

15        Plaintiff now moves for an award of attorneys' fees and costs of $62,541.08 for services

16  rendered in connection with the due process hearing and up to the instant motion, and $11,260 in

17  fees and costs associated with Plaintiff's instant motion, for a total award of $73,801.08. Plaintiff's

18  Motion for Attorneys' Fees, Docket Item No. 1 at 2. The amount of $62,541.08 consists of

19  attorneys' fees incurred before the District's Offer ($13,311.50 incurred up to October 18, 2012,

20  when Plaintiff received District's Offer), attorneys' fees after the date of the Offer through the due

21  process hearing ($47,489.00), and costs ($1,740.58). Itemized Attorneys' Fees Invoice, Docket

22  Item 1, Ex. 2 at 1. The District opposes the requested fee award, claiming that Plaintiff should not

23  be awarded any attorneys' fees, but that if the court elects to award fees, the amount should be

24  reduced to $1,109.29 due to Plaintiff's minimal degree of success. Defendant's Opposition to

25  Motion for Attorneys' Fees, Docket Item 7 at 1.

26  **II. LEGAL STANDARD**

27        The IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees

28  as part of the costs to a prevailing party who is the parent of a child with a disability."

Case No.: 5:13-MC-80085-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

United States District Court
For the Northern District of California

Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1117 (9th Cir. 2006) (citing 20 U.S.C. § 1415(i)(3)(B)(i)). In order for a court to award attorneys' fees, the parent must (1) be a prevailing party and (2) seek reasonable attorneys' fees." Id. (citation and internal quotation marks omitted).

A prevailing party may not be awarded attorneys' fees for services rendered after a written settlement offer is made if: (i) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins; (ii) the offer is not accepted within 10 days; and (iii) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement. 20 U.S.C. § 1415(i)(3)(D)(i). However, even if the District demonstrates the above conditions, a prevailing parent may nonetheless obtain attorneys' fees if the parent was "substantially justified" in rejecting the offer. 20 U.S.C. § 1415(i)(3)(D).

### III.   DISCUSSION

**A.  Plaintiff's fees incurred <u>after</u> the Offer was made are not awarded because Plaintiff was not substantially justified in rejecting the Offer.**

A plaintiff will not be awarded attorneys' fees incurred in proceeding under the IDEA where she has rejected a valid written offer of settlement and the relief finally obtained is no more favorable than that which was offered to settle the dispute, when the rejection was not substantially justified. See 20 U.S.C. § 1415(i)(3). Here, it is undisputed that Plaintiff rejected a settlement offer and proceeded to a due process hearing. However, Plaintiff contends that the Offer was invalid and, moreover, that her rejection of the offer was substantially justified.

**1)  The Settlement Offer was valid.**

Plaintiff contends that the District's Offer is void because it did not meet all legal requirements for a valid Rule 68 offer. Specifically, Plaintiff contends that the Offer was inadequate because it did not specify a definite sum and it was contingent upon a final formal settlement agreement, whereas courts' requirements for Rule 68 offers include that such offers specify a definite sum and that they be unconditional. Dkt. No. 1 at 17-18, citing Herrington v. Cnty. of Sonoma, 12 F.3d 901, 907 (9th Cir. 1993). Under the IDEA, a settlement offer must be

5

"made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure." 20 U.S.C. §
1415(i)(3). By its own terms, the statute speaks only to the time frame provided by Rule 68; it does
not prescribe that the settlement offer under the IDEA follow every other requirement applicable to
Rule 68 settlement offers. That the District invoked Rule 68 in its Offer by writing that the "offer
of settlement is made pursuant to 20 U.S.C. section 1415(i)(3)(D) and Rule 68" (Dkt. No. 1, Ex 2
at 15) does not necessarily render the Offer susceptible to Rule 68's content requirements. Without
authority supporting a contrary interpretation, the court will apply only the timing requirement of
Rule 68. Therefore, the lack of a specific sum and the mention of a subsequent formal settlement
agreement do not invalidate the District's Offer under the IDEA.

   **2) The final relief obtained was less favorable than the Settlement Offer.**

        Regarding the final relief obtained by the parents, the court has examined the record and
finds that such relief was significantly less favorable than what the District proposed in its
Settlement Offer. First, the District offered seventy-five hours of compensatory education, while
the ALJ awarded only forty-six hours. Second, the District proposed that the services could be used
for any subject preferred by the parents, including but not limited to core academics or social skills;
in contrast, the ALJ ordered that the compensatory education be limited to social skills instruction.
Third, the Offer proposed that the services would be provided by a mutually agreeable special
education teacher; however, the ALJ gave the District greater discretion in selecting the service
provider, allowing the District to make a selection of three qualified individuals from which the
parents could choose one. Lastly, the Offer suggested that the District pay reasonable attorneys'
fees incurred on or before the date of the Offer, whereas the ALJ presumably did not award any
attorneys' fees, given the ruling that "[a]ll other requests for relief are denied."

        Plaintiff contends that the mere finding of FAPE denial by the ALJ constitutes relief more
favorable than that contained in the Offer. The court disagrees. The finding of a FAPE denial is not
a remedy in and of itself; rather, it is the threshold determination that the hearing officer must make
before any relief can be awarded. 20 U.S.C. § 1415(f)(3)(E)(i). Upon determining that FAPE has
been denied, the court is empowered to "grant such relief as [it] determines is appropriate." 20
U.S.C. § 1415(i)(2)(C)(iii). Federal courts have interpreted "appropriate relief" to include

6

compensatory education. <u>R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.</u>, 631 F.3d 1117, 1126 (9th Cir. 2011). Therefore, the relief in this case was not the finding of a FAPE denial, but the award of compensatory education. <u>See</u> <u>Reid ex. rel. Reid v. Dist. of Columbia</u>, 401 F.3d 516, 518 (D.C. Cir. 2005). Given the considerations presented above, the court finds that the relief obtained through the due process hearing was less favorable than the relief presented in the Offer.

   **3) Plaintiff was not substantially justified in rejecting the District's Offer.**

   Under the IDEA an award of attorneys' fees and related costs may be made to a parent who rejects a valid settlement offer and ultimately becomes a prevailing party if the court finds that the rejection was substantially justified. 20 U.S.C. § 1415(i)(3)(E). "While there is a paucity of precedent interpreting the phrase 'substantially justified,' most courts addressing the issue have found substantial justification when a plaintiff had a good faith, reasonable belief that her eventual recovery would be higher than the offer." <u>JP ex rel. Peterson v. Cnty. Sch. Bd. of Hanover Cnty., Va</u>, 641 F. Supp. 2d 499, 508 (E.D. Va. 2009), citing <u>B.L. through Lax v. Dist. of Columbia</u>, 517 F. Supp. 2d 57, 61 (D.D.C. 2007) (parents were substantially justified in refusing offer when recoverability of expert costs under the IDEA was still in question and offer did not include those costs). For example, substantial justification for rejection would include relevant pending court decisions, which could have an impact on the case in question. <u>See</u> <u>B.L.</u>, 517 F.Supp.2d at 61. Similarly, a split of legal authority on a relevant issue could give rise to substantial justification. <u>See</u> <u>R.N. v. Suffield Bd. of Educ.</u>, 194 F.R.D. 49, 53 (D. Conn. 2000).

   Plaintiff claims that the rejection of the Offer was justified because there was no dollar amount set for the attorneys' fees and because the District offered to implement annual IEPs that were found procedurally lacking due to the absence of a general education teacher, <u>i.e.</u>, the IEP meetings of May 22 and July 19, 2012. Dkt. No. 1 at 16-18. As discussed in Section III.A.1 above, the lack of a specific dollar amount did not invalidate the Settlement Offer and does not provide grounds for rejecting it. As to the IEP meetings, the full text of the District's Offer Letter shows that the District suggested implementing that annual IEP "as modified by subsequent amendment IEPs, including the September 25, 2012, amendment IEP." Dkt. No. 1, Ex. 2 at 15. The full sentence reveals the District's willingness to hold subsequent, procedurally correct, IEP meetings

7

United States District Court
For the Northern District of California

1    in order to come to a resolution. Under these circumstances, Plaintiff has not demonstrated

2    substantial justification for rejecting the Settlement Offer.

3    **B. Because Plaintiff was a prevailing party, Plaintiff's fees incurred <u>before</u> the Settlement**

4        **Offer was made are awarded, reduced according to Plaintiff's degree of success.**

5           Having found that the Offer was valid, that the relief ultimately awarded to Plaintiff was

6    less favorable to the relief contained in the Offer, and that Plaintiff was not substantially justified in

7    rejecting the Offer, the court need not award attorneys' fees for services rendered past the date of

8    the Offer. However, the court may still consider Plaintiff's claims for fees for services rendered up

9    until the date of the Offer. Plaintiff requests an award for fees in the amount $13,311.50 through

10   the date of the Offer. Dkt. No. 1, Ex. 2 at 1-3. In order to prevail on her request for these fees,

11   Plaintiff must show that she (1) is a prevailing party and (2) seeks reasonable attorneys' fees. 20

12   U.S.C. § 1415(i)(3)(B)(i).

13       **1)  Plaintiff is a prevailing party and the success is not considered "de minimis."**

14          A prevailing party for the purpose of awarding attorneys' fees is a party that "succeed[s] on

15   any significant issue in litigation which achieves some of the benefit the [party] sought in bringing

16   the suit." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983) (citation omitted). To be considered a

17   "prevailing party" a party must show that the judgment resulted in a "material alteration of the

18   legal relationship of the parties." <u>Shapiro v. Paradise Valley Unified Sch. Dist. No. 69</u>, 374 F.3d

19   857, 865 (9th Cir. 2004) (citing <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health &</u>

20   <u>Human Res.</u>, 532 U.S. 598, 598 (2001)). A change in the parties' legal relationship occurs when

21   the court orders relief on the merits. <u>Buckhannon</u>, 532 U.S. at 603-04 ("[A] 'prevailing party' is

22   one who has been awarded some relief... [E]nforceable judgments on the merits ... [are] necessary

23   to permit an award of attorneys' fees."); <u>Hewitt v. Helms</u>, 482 U.S. 755, 760 (1987) ("Respect for

24   ordinary language requires that a plaintiff receive at least some relief on the merits of his claim

25   before he can be said to prevail."); <u>see, e.g.</u>, <u>Park v. Anaheim Union High Sch. Dist.</u>, 464 F.3d

26   1025, 1035 (9th Cir. 2006) (finding the legal relationship changed where defendant school district

27   was ordered to provide plaintiff with compensatory education). Where the court does not grant at

28   least some relief on the merits, there is not an adequate change in the legal relationship on the basis

<div align="center">8</div>

<div style="writing-mode: vertical-rl">**United States District Court**
For the Northern District of California</div>

1    of which the court can grant fees. <u>See, e.g.</u>, <u>Hewitt</u>, 482 U.S. at 760 (awarding no fees under 42

2    U.S.C. § 1988 because, although plaintiff's constitutional rights had been violated, no specific

3    relief was awarded). The Ninth Circuit has explicitly adopted <u>Buckhannon</u>'s "change in legal

4    relationship" standard for IDEA cases and courts have used the standard consistently. <u>See, e.g.</u>,

5    <u>Parents of Student W v. Puyallup Sch. Dist., No. 3</u>, 31 F.3d 1489, 1498 (9th Cir. 1994) (applying

6    the legal relationship test).

7        Here, the District argues that because the denial of FAPE found by the ALJ was

8    "procedural" in nature, it may be equated to a "technical," or merely "de minimis" success. The

9    court disagrees: the change in the parties' relationship in this case is not a de minimis one. The ALJ

10   found that the District denied Plaintiff a FAPE by holding an IEP meeting without including a

11   general education teacher. While this denial may well constitute a procedural violation, its

12   procedural nature does not render it any less important to ensuring Plaintiff receives what FAPE

13   stands for: a free and appropriate education for the child. Under the IDEA, a general education

14   teacher must be present for IEP meetings, unless both the parent and the school consent to the

15   absence in writing. 20 U.S.C. § 1414(d)(1)(C). Neither party provided such consent in this case.

16   Moreover, as discussed above, the ALJ awarded relief, including compensatory education, in light

17   of the finding that the absence of a general education teacher constituted a denial of FAPE in these

18   particular circumstances. Accordingly, here, the ALJ's ruling materially altered the relationship

19   between the parties, rendering Plaintiff a prevailing party. <u>See</u> <u>V.S. ex rel. A.O. v. Los Gatos–</u>

20   <u>Saratoga Joint Union High Sch. Dist.</u>, 484 F.3d 1230, 1233 (9th Cir. 2007) (holding that an

21   alteration is "material" if it "require[s] the [school district] to do something [it] otherwise would

22   not have to do").

23       **2) Plaintiff's partial degree of success warrants a 50% deduction in attorneys' fees.**

24       Having found Plaintiff to be a prevailing party, the court must next determine whether she

25   is entitled to a full award of attorneys' fees. The determination of prevailing party status does not

26   automatically entitle a party to a full recovery of fees. In fact, "[i]n some circumstances, even a

27   plaintiff who formally 'prevails' ... should receive no attorney's fees at all." <u>Farrar v. Hobby</u>, 506

28   U.S. 103, 115 (1992). "A reduced award is appropriate if the relief, however significant, is limited

9

in comparison to the scope of the litigation as a whole." <u>Hensley</u>, 416 U.S. at 440. Thus, the court must analyze the "degree of success" achieved in order to determine the amount of attorneys' fees to which Plaintiff is entitled. <u>See Aguirre</u>, 461 F.3d at 1119–20 (applying <u>Hensley</u> to IDEA claims).

While a district court has "wide latitude" to exercise discretion in evaluating attorneys' fees in IDEA cases (<u>Id.</u> at 1122 (Pregerson, J. concurring)), the Supreme Court has provided some guidance on how to correlate the degree of success the party achieved with the amount of fees to be rewarded:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, non-frivolous, and raised in good faith.

<u>Hensley</u>, 461 U.S. at 435–36. As alluded to by the Court, in some cases the issues presented are readily separable and thus easily susceptible to a straightforward degree-of-success calculation. <u>See J.C. v. Vacaville Unified Sch. Dist.</u>, 2007 WL 112138 (E.D. Cal. 2007) (where plaintiff challenged the education program for five consecutive school years, the claims were easily distinguishable per school year). In other cases, however, the issues are not so distinct and the court must factor in "the extent of relief ordered by the ALJ" in order to determine the degree of success. <u>S.A. v. Patterson Joint Unified Sch. Dist.</u>, 2010 WL 3069204 (E.D. Cal. 2010) at *13.

Here, though Plaintiff is a prevailing party, she did not prevail completely on all issues presented to the ALJ. Instead, Plaintiff partially prevailed on the two issues actually decided by the ALJ and, as described in detail in Section III.A.2, received only a fraction of the relief requested. Under these circumstances, it cannot be said that Plaintiff obtained "excellent results" that would entitle her to a full attorneys' fee award. Moreover, in IDEA cases the court may reduce attorneys' fees where the parent or the parent's attorney unreasonably protracted the final resolution of the controversy. 20 U.S.C. § 1415(i)(3)(F)(i). Here, the District reached out to Plaintiff with a valid

10

settlement offer. Despite having ample time until the due process hearing (about forty days),

Plaintiff did not discuss the Offer or any concerns she might have had with the District. In fact,

Plaintiff did not reply to the Offer at all, instead choosing to proceed to the due process hearing

without negotiation. Plaintiff does not provide the court with her rationale for doing so. Under

these circumstances, the court finds that a reduction in attorneys' fees is appropriate. Accordingly,

based on Plaintiff's degree of success, the relief afforded her, and her protraction of resolution of

the controversy, the court will reduce its attorneys' fees award by 50%.

**3)  The attorneys' fees requested are reasonable, except for fees for clerical tasks, which shall be deducted.**

Next, the court must determine the amount of attorneys' fees to which Plaintiff is entitled.

The lodestar figure, which multiplies the number of hours reasonably expected by the reasonable

hourly rate, is used as a starting point to determine reasonable attorneys' fees. Hensley, 461 U.S. at

433. The lodestar figure is "presumed to be the reasonable fee to which counsel in entitled."

Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air, 478 U.S. 546, 564 (1986),

quoting Blum v. Stenson, 465 U.S. 886, 897 (1984). Hours billed for administrative tasks are not

compensable. G.R. v. Brentwood Union Sch. Dist., 2013 WL 3369259 (N.D. Cal. 2013) at *4,

citing Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (holding that tasks "clerical in

nature" should be "subsumed in firm overhead rather than billed" and that "[w]hen clerical tasks

are billed at hourly rates, the court should reduce the hours requested to account for the billing

errors").

Plaintiff requests $13,311.50 for attorneys' fees incurred through the date of the Offer. The

parties do not appear to dispute that this amount is reasonable. However, the District does take

issue with several charges for clerical tasks. The court agrees that, with the exception of the task

dated 7/3/12 ($422.50), all items on the District's List of Clerical Tasks do constitute clerical tasks

that are not compensable. Docket Item No. 7, Ex. 4. Accordingly, the court will deduct $877.50

from the requested attorneys' fees and thus will award the amount of $6,217.00, after accounting

for the 50% reduction discussed in the previous section.

Case No.: 5:13-MC-80085-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

**C.  Attorneys' fees incurred for the preparation of the instant motion shall be awarded, reduced by 50% as per Plaintiff's degree of success, after deduction of the estimate amount for oral argument.**

The court will also award Plaintiff attorneys' fees in connection with the instant motion, subject to the 50% reduction. See, e.g., Brentwood, 2013 WL 3369259 at *5. According to Plaintiff's Motion, Plaintiff incurred $11,260.00 in fees and costs for preparation of the instant motion. Dkt. No. 1 at 2. This amount consists of $5,400.00 and $3,700.00, incurred respectively by Plaintiff's attorneys Ms. Washington and Mr. Kim in preparation of the instant motion, as well as of $2,160.00 in fees estimated to be incurred by Ms. Washington in preparation of and appearance for oral argument. Docket Item No. 1, Ex. 5 at 4. As no oral argument was held on this motion, the court deducts the $2,160.00 for argument preparation. After removing this category of fees and the 50% reduction, the resulting reward is $4,550.00.

## IV.  CONCLUSION

In light of the above findings, the court hereby GRANTS IN PART Plaintiff's Motion for Attorneys' Fees. The total amount of attorneys' fees to which Plaintiff's counsel is entitled is $10,767.00. This amount is comprised of $6,217.00 for fees incurred in connection with the underlying action through the Offer date after the 50% reduction, and $4,550.00 in connection with the instant motion, also after the 50% reduction. Plaintiff also claimed costs of $1,740.58 as "non-taxable expenses." However, this amount has not been substantiated with details on dates and explanations, and will therefore not be awarded. Accordingly, the total award of fees to Plaintiff's counsel pursuant to 20 U.S.C. § 1415(i)(3)(B) is $10,767.00.

Since this order resolves the sole issue before the court, the clerk shall CLOSE this file.

**IT IS SO ORDERED**

Dated: March 19, 2014

EDWARD J. DAVILA
United States District Judge